FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV 10  PM 1: 28

LORETTA G. WHYTE
     CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AUNDRA B. WILLIAMS | CIVIL ACTION |
| VERSUS | NO: 04-2598 |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | SECTION: "A" (4) |

## REPORT AND RECOMMENDATION

### I. Introduction

This action seeks judicial review of a final decision of the Commissioner of Social Security pursuant to Title 42 of the United States Code § 405(g). The Commissioner denied Aundra Williams's application for Disability Insurance Benefits pursuant to the Social Security Act. *See* 42 U.S.C. § 1382 et. seq.

The matter was referred to the undersigned United States Magistrate Judge pursuant to **Title 28 United States Code § 636(b)** and Local Rule 19.02E(b) for the submission of Proposed Findings and Recommendations.

### II. Factual and Procedural Summary

The claimant, Aundra Williams ("Williams"), filed an application for Disability Insurance Benefits contending that he was disabled due to constant pain on the left side secondary to pinched nerves, headaches, high blood pressure and breathing problems since July 1, 2002. (Tr. 64-66). His

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

application was denied and he requested a review by an Administrative Law Judge. After holding a hearing on April 5, 2005, the ALJ denied the request for benefits. In doing so, the ALJ noted that Williams had severe impairments consisting of sleep apnea and depression but that these impairments were not severe enough to meet or equal one of the impairments listed at 20 C.F.R. § 404 Subpt. P. App. 1.

The ALJ also found that Williams could sit, stand, and walk a total of six hours out of an eight-hour day. (Finding 5, Tr. 21). He further found that Williams could engage in a full range of postural movements frequently but could not climb ropes, ladders or scaffolds. (Finding 6, Tr. 21). He also found that Williams could manipulate, see, and communicate without restriction. (Finding 7, Tr. 21).

Williams now seeks review of the ALJ's decision contending that:

The ALJ opinion was wrongly decided because he failed to give weight to the treating physicians opinion in accordance with 20 C.F.R. 404.1527 and 416.927(D)[1].

### III. **Standard of Review**

The role of this Court on judicial review under Title 42 U.S.C. § 405(g) is limited to determining whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner applied the proper legal standards when evaluating the evidence. *See Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). The Court may not re-weigh the evidence, try issues *de novo* or substitute its judgment for that of the Secretary. *Allen v. Schweiker*, 642 F.2d 799, 800 (5th Cir. 1981). If supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389 (1971); *see also Wilkinson v. Schweiker*, 640 F.2d 743,

---

[1]This provision provides parallel language for supplemental security income cases.

744 (5th Cir. 1981).

"Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance." *See Ripley v. Chater,* 67 F.3d 552, 555 (5th Cir. 1995). It must do more than create a suspicion of the existence of the fact to be established, but no "substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Payne v. Weinberger,* 480 F.2d 1006, 1007 (5th Cir. 1973); *Hemphill v. Weinberger,* 483 F.2d 1137, 1138 (5th Cir. 1973).

A single piece of evidence will not satisfy the substantiality test if the ALJ ignores, or fails to resolve, a conflict created by countervailing evidence. Evidence is not substantial if it is overwhelmed by other evidence, particularly that offered by treating physicians. *Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983).

Finally, the Court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnosis and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) [the claimant's] age, education, and work history." *Hendricks v. Apfel,* No. 99-1212, 2000 WL 174884, at *3 (E.D. La. Feb. 14, 2000) (citing *Martinez v. Chater,* 64 F.3d 172, 174 (5th Cir. 1995)).

IV.     **Treating Physician and Controlling Weight**

Williams contends that the ALJ erred because he failed to give proper weight to the treating physician's opinion and failed to apply the factors necessary to do so. According to Williams, his treating doctor, Dr. Shamsnia completed a physical capacity evaluation which restricted him from standing, walking, or sitting for more than one hour out of an eight hour day. He contends that because Dr. Shamnsia was his treating physician who provided care over an extended period of years, and that because his opinion is uncontroverted, the ALJ should have performed a detailed

3

analysis pursuant to 20 C.F.R. § 416.1527.

The Commissioner contends that the ALJ adequately analyzed the doctor's opinion under § 416.927 because the ALJ indicated in his decision that he was aware of Dr. Shamsnia's status as the treating and examining physician. The Commissioner contends that the ALJ rejected Dr. Shamsnia's September 2003 assessment only after concluding that the opinion was not supported by the medical evidence.

The criteria at issue, 20 C.F.R. § 404.1527, provides that the ALJ should give consideration of (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole and (6) the specialization of the treating physician. *See* 20 C.F.R § 404.1527.

Under the regulations, a treating physician may offer an opinion which reflects a judgment about the nature and severity of the claimant's impairments including the claimant's symptoms, diagnosis and prognosis, and any physical or mental restrictions. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994); 20 C.F.R. § 404.1527(a)(2). The ALJ is to give controlling weight to that type of opinion if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with..... other substantial evidence." *Martinez*, 64 F.3d at 176. 20 C.F.R. § 404.1527(d)(2).

The record shows that the ALJ reviewed the medical evidence. In so doing, he noted that the evidence showed that Williams has respiratory problems associated with sleep apnea and hypertension. Williams' hypertension was controlled with medication and there was no evidence of end organ damage or radiculopathies. (Tr. 16). The ALJ further noted that while Dr. Shamsnia

concluded that there were no changes in William's physical examination, he gave him a severely restrictive physical capacity evaluation on September 10, 2003. (Tr. 18).

He further noted that while Dr. Shamsnia may be the treating physician, he issued no exertional limitation to Williams when Williams informed him that he would be returning to work. *Id.* The only restriction mentioned by Dr. Shamsnia was the environmental limitation of working around chemicals. *Id.*. The ALJ further noted that William's past relevant work was at the heavy to medium levels of exertion. *Id.*

The record further shows that the ALJ applied the §404.1527 factors. He considered Williams relationship with Dr. Shamsnia, his treatment history and the medical support for the conclusions of Dr. Shamsnia. For example, he considered the length of treatment between Williams and Dr. Samsnia as he noted that Williams began seeing Dr. Shamsnia in November 2002 . He also noted Dr. Shamsnia's findings that upon physical examination, Williams was well developed and well nourished. Williams was able to manipulate objects normally in both upper extremities. (Tr. 118). The doctor noted that there was no evidence of atrophy. (Tr. 118).

The ALJ noted that Williams' treatment continued through June 11, 2003. It was at this time that Dr. Shamsnia completed a disability benefits form at the request of Williams for Ozark National Life Insurance Company. Dr. Shamsnia found that Williams was disabled due to chemical exposure. He completed a physical capacity evaluation concluding that exertionally Williams could physically lift, and carry less than ten pounds, that he could occasionally bend, kneel, squat, and climb stairs, and that he could not repetitively push or pull. (Tr. 142). The ALJ noted the inconsistency in Dr. Shamsnia's findings regarding the physical restrictions caused by Williams' chemical exposure. For example, on the one hand, the ALJ pointed out that Dr. Shamsnia concluded that Williams was disabled due to chemical exposure and that when returning to work, he should avoid exposure to

chemicals only. The ALJ further noted that in contrast, when Dr. Shamsnia completed the disability finding, he concluded that Williams could not stand, walk, or sit for more than one hour out of an eight hour work day nor could he lift or carry more than 10 pounds.

There is, however, no medical support for any of these exertional restrictions. The only medical evidence of Williams' exertional ability is the physical exam notation that he could manipulate objects normally in both upper extremities and no evidence of atrophy noted. (Tr. 118). Therefore the ALJ appropriately gave no weight to the physical restrictions as determined by Dr. Shamsnia. The Court therefore finds that contrary to the position of Williams, the ALJ did in fact consider the §404.1527 and that ALJ's opinion is based upon substantial evidence.

## V. Recommendation

It is the **RECOMMENDATION OF THIS COURT** that the ALJ's decision denying benefits be **AFFIRMED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

Houston, Texas, this 9th day of November, 2005.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE